Karl RANSOM, Plaintiff—Appellant,

v.

HBE CORPORATION, a Delaware corporation, Defendant—Appellee.

No. 01–36165.
D.C. No. CV–00–00461–KI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided Aug. 13, 2003.

Before SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

Karl Ransom filed this diversity action claiming that he was wrongfully fired from

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

his construction job for reporting to a foreman and co-workers that a sudden emission of asbestos on the site created a dangerous condition. The district court granted summary judgment for the employer, HBE corporation, on the claims that are at issue in this appeal, holding that the Oregon common-law claim for wrongful-discharge was preempted by the remedies provided by the Oregon Safe Employment Act ("OSEA"), OR. REV. STAT. §§ 654.001–.295, .750–.780, .991, the state counterpart to the federal Occupational Safety and Health Act, 29 U.S.C. §§ 651–678. The district court adopted the findings and recommendations of the magistrate judge.

■ The only issues before us involve Oregon state law. We affirm the district court's grant of summary judgment on the wrongful-discharge claim because our decision is controlled by the Oregon Supreme Court's decision in *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 563 P.2d 1205 (1977). We agree with Ransom that there are some inconsistencies with *Walsh* in subsequent Oregon cases dealing with claims of employment discrimination. *See, e.g., Holien v. Sears, Roebuck & Co.*, 298 Or. 76, 689 P.2d 1292 (1984). Nevertheless, the Oregon Supreme Court has never explicitly overruled *Walsh,* and it remains controlling precedent in the area of workplace safety.

■ Ransom contends that the OSEA provisions are not sufficient to vindicate the public interest affected by his discharge. He stresses that when the asbestos in question was revealed, he complained not only of the risk facing his fellow construction workers, but also of the risk facing the patients and employees in the hospital where the construction was taking place. He analogizes his discharge to that of an employee performing a civic duty such as jury duty. *See, e.g., Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975).

The problem with Ransom's contention is that the record does not demonstrate that he was fired for expressing concern about the safety of hospital patients and staff. Thus, to the extent that Ransom has actually brought two wrongful discharge claims—one for termination in retaliation to his workplace safety complaints, and one for termination in retaliation to his public safety complaints—the former is preempted, and the latter fails because Ransom has not demonstrated causation. When bringing a claim for wrongful discharge, the plaintiff "must establish a 'causal connection' between a protected activity and the discharge." *Estes v. Lewis and Clark College,* 152 Or.App. 372, 954 P.2d 792, 796–97 (citing *Shockey v. City of Portland,* 313 Or. 414, 837 P.2d 505 (Or.1992)). Nothing in the record indicates that Bruce Gray, the HBE agent responsible for Ransom's termination, knew about the concern Ransom expressed for the hospital patients and staff. There is therefore no evidence in the record from which a reasonable jury could conclude that Ransom was fired for standing up on behalf of the hospital patients and staff. Consequently, Ransom's characterization of his protected activity as an act that promotes public safety (and not merely workplace safety) may allow him to avoid preemption, but places him in a situation where he cannot substantiate the causation element of his claim.

■ Ransom also presents a claim under OR. REV. STAT. § 659.550 (renumbered as § 659A.230), Oregon's whistleblower statute, that his termination was in retaliation for his good-faith "reporting of criminal activity" to his co-workers and

of this circuit except as provided by Ninth Circuit Rule 36–3.

foreman. The clear purpose of the whistle-blower statute is to protect employees who initiate or aid in a civil or criminal proceeding. *See* § 659A.230(1) (titled "Discrimination for initiating or aiding in criminal or civil proceedings prohibited; remedies not exclusive."). So not just any statement concerning criminal activity will trigger the protections of section 659A.230(1). Rather, while an alleged "report[] of criminal activity" need not be made directly to law enforcement officials and can be purely internal, *see* OR. ADMIN. R. 839–010–0110 ("An employee reporting criminal activity is protected by ORS 659A.230(1) and these rules if: (1) The employee reports to any person, orally or in writing, the criminal activity of any person;"), the report must further the statutory goal of initiating a civil or criminal proceeding. As there is no evidence in the record that Ransom's internal complaints to Doug Michelle, Joe Johnson, and Bruce Grey were intended to or likely to result in notifying law enforcement of the allegedly illegal asbestos on the site, no reasonable jury could conclude that a "report[] of criminal activity" was made. Although Ransom did eventually make such a report to Oregon OSHA, he did so only after his termination and, therefore, could not August 5, 2003 have been terminated on account of it.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.